**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KEITH A. BROWN, | No. 11-35859 |
| Plaintiff - Appellant, | D.C. No. 2:07-cv-00302-BLW |
| v. | |
| JEFF JAYNE; et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Idaho
B. Lynn Winmill, Chief Judge, Presiding

Submitted November 13, 2012[**]

Before: CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Idaho state prisoner Keith A. Brown appeals pro se from the district court's

judgment dismissing his 42 U.S.C. § 1983 action alleging civil rights violations.

We have jurisdiction under 28 U.S.C. § 1291. We review de novo the district

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]  The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

court's dismissal for failure to exhaust administrative remedies, *Wyatt v. Terhune*, 315 F.3d 1108, 1117 (9th Cir. 2003), and summary judgment, *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th Cir. 2004). We affirm.

The district court properly granted summary judgment on Brown's excessive force claim because Brown failed to establish a genuine dispute of material fact as to whether Officer Jayne's use of force was minimal and objectively reasonable under the circumstances. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) ("Not every push or shove . . . violates the Fourth Amendment." (citation omitted)).

The district court properly granted summary judgment on Brown's First Amendment retaliation claim because Brown failed to establish a genuine dispute of material fact as to retaliatory motive. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).

The district court properly granted summary judgment on Brown's First Amendment interference-with-mail claim because Brown failed to raise a genuine dispute of material fact as to whether the prison's mail handling policies restricting inmate-to-inmate correspondence were reasonably related to legitimate penological interests. *See Turner v. Safley*, 482 U.S. 78, 89-91 (1987) (discussing factors for determining whether regulation that impinges on First Amendment rights is reasonably related to legitimate penological interests).

11-35859

The district court property dismissed Brown's due process claim regarding the revocation of his correspondence privileges because Brown failed to exhaust administrative remedies with respect to this claim. *See Woodford v. Ngo*, 548 U.S. 81, 85, 93-95 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules).

The district court properly dismissed Brown's claim against defendant Valdez under 28 U.S.C. § 1915A for failure to state a claim. *See Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) (setting forth standard of review).

Brown's contentions concerning discovery and severance are unpersuasive.

We do not consider arguments and evidence raised for the first time on appeal. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**